IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FRED GILLMANN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 6:16-cv-332-RP-JCM |
| SCOTT FISHER and KRISTI FISHER, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On November 29, 2016, the Court issued a show cause order requiring Plaintiff "to show cause in writing to the Court on or before December 15, 2016 why the claims against Defendants should not be dismissed for failure to timely effectuate service." (Show Cause Order, Dkt. 6). On December 21, 2016, Plaintiff filed a motion for extension of time to respond to the show cause order with his response to the order. (Mot. for Extension of Time, Dkt. 7). Within the motion for extension of time, Plaintiff's counsel explained that he mistakenly read the deadline for a response to the Court's show cause order as December 19, 2016, the same day he began to prepare Plaintiff's response. (*Id.* at 1). Although this explanation still does not address why Plaintiff's response was not filed until December 21, 2016, two days after the date Plaintiff's counsel thought the response was due, the Court finds that the response was filed late due to excusable neglect, *see* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."), and will grant Plaintiff's motion for extension of time.

Turning to Plaintiff's show cause response, Plaintiff's counsel explains that his "efforts to effectuate service was hampered by his inability to print the process due to his recent installation of Windows 10 in his computer due to its inco[mpa]tability with counsel's office printer." (Pl.s' Resp. at

1

4, Dkt 7). He asserts this left him unable to print the summons. Further, counsel explains that his efforts were "impaired by his lack of familiarity with Rule 4(m)'s 90-day service requirement," "the fact that he was a solo practitioner without staff support," and that he moved out of his office in October. (*Id.* at 6–7). He states that service on Defendants was made on December 8, 2016, (*id.* at 7), although proof of service has still not been filed.

The Federal Rules of Civil Procedure outline the time allowed for service of a defendant in Rule 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985)). However, "[e]ven if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Id.*

Here, Plaintiff has not made a showing of good cause. The summons could have easily been printed somewhere other than on Plaintiff's counsel's computer, such as at a FedEx Kinkos, and Plaintiff's counsel's ignorance of the 90-day rule is not a sufficient explanation. Plaintiff's counsel has, however, claimed that service was already effectuated more than a week ago, on December 8, 2016. Thus, the Court extends the time for service from November 16, 2016 to December 8, 2016.

Plaintiff's counsel is reminded that he has an obligation to comply with the federal and local rules as an officer of this Court and warned that the Court may be less understanding of any failure to do so in the future.

3

It is therefore **ORDERED** that Plaintiff's Motion for Extension of Time (Dkt. 7) is **GRANTED**. Further, it is **ORDERED** that Plaintiff's deadline for serving Defendants is extended to **December 8, 2016**.

**SIGNED** on December 22, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE