IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FRED GILLMANN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:16-cv-332-RP-JCM |
| | § | |
| SCOTT FISHER & KRISTI FISHER, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This court entered a show cause order on May 23, 2017, after it ordered the parties to submit a revised joint proposed scheduling order by May 19, 2017, and none was submitted. The Court had issued the order requiring the submission of the revised proposed scheduling order the morning of a planned initial pretrial conference with the parties. The teleconference dial-in number provided by Plaintiff did not work; thus the call did not occur. Rather than rescheduling the call, the Court issued an order addressing what the call likely would have—it ordered the parties to confer and fill in still-missing dates from their proposed scheduling order so that the initial pretrial conference could be reset and the parties could then discuss the scheduling of trial and any other issues.

Plaintiff submitted the revised proposed scheduling order on May 24, 2017, five days after the Court ordered it to be submitted. He then filed a response to the Court's order to show cause on May 26, 2017—the day it was due, but a few minutes after the Court's 5:00 p.m. deadline.

In his response to the show cause order, Plaintiff first explains that he fully complied with the Court's order to set up a teleconference line and provide the dial-in information to the Court. Plaintiff's counsel explains that the fact that the dial-in number did not work was either caused by "user error"—meaning the Court staff's error—or "network error." (Show Cause Resp., Dkt. 24, at

1

2–3). His declaration states: "I am not responsible for the Court's or [Defense counsel's] inability to connect to the conference call." (*Id.* at Ex. 1 ¶ 7).

Plaintiff's counsel's own submission demonstrates this is not true. Plaintiff's counsel submitted both a copy of the call information provided to him by the conference call service provider he booked and a copy of the call information he provided the Court. While he provided the correct access code to the Court, he provided an incorrect dial-in number. The information from the provider indicates that the dial-in number is 515-739-1**2**85, (*id.* at Ex. 1, at 5), but the phone number provided to the Court was 515-739-1**1**85, (*id.* at Ex. 1, at 7). Typographical errors like this are not completely avoidable, and certainly, the Court would not seek to prejudice a party because of a single mistyped digit. The Court takes much greater issue, however, with Plaintiff's counsel's response—he failed to check whether he provided the Court all of the right call information even after he was informed that it did not work, he refused to acknowledge that he might have been responsible for the user error, and he placed the blame for the error on others, including this Court's staff.

Next, Plaintiff's counsel explains that his eyesight is failing, causing him to miss the automatically generated email with the Court's May 17, 2017 order directing him to file a revised proposed scheduling order by May 19, 2017, approximately two and a half business days later. He explains that he did not see the order until after the deadline had passed, that there was "no temporary solution available" to his declining eyesight, and that he "continues to struggle with vision problems and has an appointment to return to see his retinal specialist on Friday, June 2, 2017." (*Id.* at 5). He asserts that his "noncompliance with the order of May 17, 2017 was not intentional or even negligent." (*Id.*).

The Court wishes to express its sympathy to Plaintiff's counsel regarding the troubles with his eyesight—the situation he is in is must be frustrating and challenging. Further, the Court accepts

that there was likely nothing more Plaintiff's counsel could do to correct his eyesight over the last several weeks. However, it is unclear to the Court that Plaintiff's counsel truly had no other alternatives to ensure that his obligations to the Court and to his client were upheld. When Plaintiff's counsel first recognized that his vision might be a problem he could have, for example, recommended his client obtain substitute counsel, engaged someone to assist him in regularly reviewing his emails and submissions, motioned for a stay in the case, or motioned for some sort of accommodation from the Court. Arguably, given Plaintiff's counsel's poor eyesight and inability to read his emails, some such measure may have been required of Plaintiff's counsel to ensure that he complied with his obligations. *See* Tex. Disciplinary. Rules Prof. Conduct 1.01 ("A lawyer shall not accept or continue employment in a legal matter which the lawyer knows or should know is beyond the lawyer's competence.").

Third, Plaintiff's counsel explains that his decision to leave open certain dates in the initial submission of his proposed scheduling order was "at the specific direction of one of the Court's law clerks." (Show Cause Resp., Dkt. 24, at 6). While this may be true, Plaintiff's counsel's more complete description of the conversation is inconsistent with that account. He explains that "[a] person who identified herself/himself . . . as a law clerk to Judge Pitman directed [Plaintiff's counsel] *to supply open dates* on the proposed scheduling timeline, and counsel did as he was instructed to do." (*Id.* (emphasis added)). This account suggests that the law clerk was instructing Plaintiff's counsel to supply dates that are left blank in the form version of the proposed scheduling order.

Further, Plaintiff's counsel claims that he contacted the Court's staff in order to determine in what form the Court wanted to receive the proposed scheduling order. The Court's order for submission of a proposed pretrial order directs parties to where this information is available online and provides a form submission. Notably, even though Plaintiff's counsel was expressly ordered to use this form in submitting a revised scheduling order, he did not do so, but resubmitted the old

3

scheduling order with all open dates, including the final pretrial conference and trial date, filled in. Had Plaintiff's counsel accessed the Court's form order, he would have seen instructions that the parties not complete the part of the order providing a final pretrial conference and trial date. Thus, while Plaintiff's counsel again seeks to blame his failure to comply with the Court's directions on the Court's staff, instead it is his failure to read the Court's orders that appears to be to blame.

Finally, Plaintiff argues that this case should not be dismissed because of its dissimilarities with *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). Primarily, he seems to argue that the Supreme Court in *Link* "held" that application of Rule 41(b), which authorizes the Court to dismiss a case for failure to comply with a court order, is restricted to cases that have remained dormant for an extended period of time and are very old. (Show Cause Resp., Dkt. 24, at 7). As an initial matter, this is not the holding of *Link*. That case addressed the issue of whether a case could be dismissed for lack of prosecution without providing notice to the plaintiff. In it, the Supreme Court held that "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633. And notably, the case was not dormant at the time it was dismissed—instead it was dismissed soon after the plaintiff failed to appear for a scheduled conference, and, as the dissent noted, was "a very live [case] from the date it was filed right up to [the Supreme Court's ruling]." *Id.* at 639 (Black, J., dissenting).

Regardless, at this time, the Court deems that it is not an appropriate sanction to dismiss this case with prejudice. It does, however, admonish both Plaintiff and his counsel that future delays in this case or failure to comply with the Court's orders or the rules will warrant severe sanctions— quite possibly dismissal. Plaintiff has, with little justifiable excuse, repeatedly failed to comply with the rules and the Court's orders, and Plaintiff's counsel has generally refused to take responsibility for those failures or take appropriate measures to prevent them. These delays waste the Court's time

4

and resources. The Court warns Plaintiff's counsel that at a certain point, his failure to obtain appropriate assistance in light of his failing eyesight may be appropriately considered negligent or willful conduct. Finally, the Court advises Plaintiff and Plaintiff's counsel that it will issue no further orders to show cause if delays or instances of non-compliance arise, but instead will implement the appropriate sanction without further notice.

     **SIGNED** on May 31, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE